IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PURNELL WILLIAMS** | § | |
| | § | |
| **V.** | § | A-14-CV-760 LY |
| | § | |
| **WELLS FARGO** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Purnell Williams' Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1), filed on August 13, 2014. The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. ANALYSIS

**A.   IFP Status**

After considering Plaintiff Purnell Williams's financial affidavit, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Williams *in forma pauperis* status in the instant case. Because Williams has have been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

**B.   Review under Section 1915**

Section 1915(e)(2) provides that a court shall dismiss a case at any time if the court determines that:

      (A)      the allegation of poverty is untrue; or

      (B)      the action or appeal–

            (i)      is frivolous or malicious;
            (ii)     fails to state a claim on which relief may be granted; or
            (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(I)-(iii). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial*.*" *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

      Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

      Williams alleges Wells Fargo violated his rights when it sought to illegally evict him from his residential property located at 11213 Barn Owl Drive, Austin, Texas, without first obtaining a Writ of Possession and without allowing Williams time to appeal the eviction.[1] Williams also

---

[1] This is the second suit Williams has filed against Wells Fargo involving the Barn Owl Drive property. *See* Report & Recommendation, *Williams v. Wells Fargo Bank*, No. 12-CV-717 LY (W.D. Tex. September 6, 2012) (Dkt. No. 2). In his first case, Williams sought a preliminary injunction

complains that agents of Wells Fargo filed false second degree felony burglary of a habitation charges against him, which caused him to be indicted and arrested, which Williams alleges "conflict with the Plaintiff's period of residence in the property." Williams alleges that his due process rights have been violated by Wells Fargo. He also alleges claims of defamation and harassment for filing the criminal charges and requests $7 million dollars in damages. Williams seeks a preliminary injunction enjoining Wells Fargo from evicting and/or selling Plaintiff's alleged residential property and has filed an application for an Order to Show Cause why a preliminary injunction should not be granted enjoining Defendant from evicting Plaintiff from the property.

**C.     Jurisdiction**

As stated above, section 1915(e)(2)(B) provides that a district court shall dismiss an in forma pauperis complaint, at any time, if the district court determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory. *Id.* at 327. The Court will assume for the purposes of this analysis that Plaintiff is attempting to assert diversity jurisdiction on the basis that Wells Fargo is a foreign corporation. 28 U.S.C.A. § 1332. Once again, Williams' pleadings fail to establish any claim of legal merit.

---

enjoining Wells Fargo from evicting and/or selling the property located at 11213 Barn Owl Drive, in Austin, Texas. Williams alleged that he had a property interest in the foreclosed-upon property through adverse possession of the property. The undersigned recommended dismissal of the case, as Williams did not meet the requirements of adverse possession under Texas law and because he was not the owner of the property he could not enter into a contract sufficient to establish a materialman's lien on the property. The District Court adopted the recommendation and dismissed that case as frivolous. *Id.* at Dkt. No. 5.

Williams alleges that he is entitled to monetary damages because Wells Fargo violated his due process rights when it initiated the Travis County eviction action. He also alleges that Wells Fargo violated his due process rights when it filed "false charges" against him. A due process claim "requires some state action." *Martin v. Grehn*, 2013 WL 5346707 at *4 (5th Cir. Sept. 25, 2013) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972)). Wells Fargo is a corporation, not a state actor, and it cannot violate Plaintiff's due process rights. *See, e.g., RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 844 (5th Cir. 2013). Williams' due process claims are frivolous and fail as a matter of law.

Williams also argues that he is entitled to monetary damages for defamation related to the alleged "false charges" brought against him by Wells Fargo that led to his arrest and indictment for burglary of a habitation in 2013. Williams asserts that Wells Fargo misrepresented that it owned the property in issue, which led to the defamatory burglary of a habitation charge. Williams does not identify any particular statements which he identifies as defamatory, merely that Wells Fargo, through its agent, Michael Dolan, filed a charge against Williams for burglary of a habitation. A Travis County grand jury indicted Williams on the burglary charge and he was arrested. The criminal case remains pending.

Under Texas law, a defamation claim requires the plaintiff to prove that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Grand Champion Film Prod., L.L.C. v. Cinemark USA, Inc.*, 257 S.W.3d 478, 481 (Tex. App.– Dallas 2008, no pet.). Despite the fact that Plaintiff is proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff

must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may be dismissed if a plaintiff fails to state a claim for relief). The complaint need not contain "detailed factual allegations," but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Williams claims that Wells Fargo, through its representative Michael Dolan defamed him by filing burglary of a habitation charges against him. Williams fails to state exactly what the defamatory statement was, when and to whom the statement was made and the content of the statement. The Court finds that Williams' pleadings are insufficient under *Twombly* and *Iqbal* to state a plausible claim of defamation against Wells Fargo. *See Schulte v. Exhibits A B C D E*, 2012 WL 4563726 (S.D. Tex. 2012) (unreported case).

Allowing Williams to replead will not cure this defect. In prior pleadings, Williams admitted that his claim to legal possession of the property in issue was based on his claimed adverse possession of the property. However, as this Court has already pointed out, to establish an adverse possession claim under Texas law, Williams must demonstrate an actual and visible appropriation of the land in question for a period of at least 10 or more consecutive years. TEX. CIV. PRAC & REM § 16.026; *see Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990). Williams who, as the Court stated in its prior Report and Recommendation, "appears to be a squatter" has admittedly occupied the Barn Owl Drive property for less than two years, and cannot establish any cognizable claim for adverse possession under state or federal law. Thus, any statement that Wells Fargo or its

5

representatives may have made that Williams was illegally occupying the property at issue cannot be negligent. Wells Fargo, as the mortgagee on a defaulted mortgage,[2] has an arguably legitimate legal claim that it, and not Williams, owns the property.[3] Thus the plausibility of Williams' defamation claim is lacking, as the claim is frivolous.

With regard to Williams' request that the Court enjoin the "illegal eviction" of his family from the Barn Owl Drive property, the Court finds that it lacks jurisdiction to enjoin any eviction action. Under Texas law, "[a] justice court in the precinct in which the real property is located has jurisdiction in eviction suits." TEX. PROP.CODE ANN. § 24.004 (West 2000). Under the doctrine of prior exclusive jurisdiction, "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."). In this case, Williams states in his pleadings that a Travis County Justice of the Peace Court has asserted its jurisdiction over the Barn

---

[2] In his prior suit against Wells Fargo, in his Statement of Fact, Williams alleged that he acquired the property in question through adverse possession on July 6, 2012. He admits that the property was originally occupied by David L. Carreon who, following an adverse judgment by the Justice of the Peace, Travis County, was served with a Writ of Possession entitling Wells Fargo to possession of the property on June 28, 2012. Williams stated that he found the property vacated and abandoned in May of 2012 and began frequenting the property shortly thereafter. He further stated that in June of 2012, he discovered a notice placed on the door of the home by MCS, an agent of Wells Fargo, declaring that the property had been vacated. Plaintiff admits that he does not know and is not affiliated in any way with David L. Carreon, the former occupier of the property, and emphasizes that he took possession of the abandoned property in July of 2012 after Mr. Carreon had clearly vacated the premises.

[3] Williams relies in part on a Judgment of the Travis County Justice of the Peace Court stating that a writ of possession would not issue until July 1, 2014. However, the alleged burglary occurred on February 20, 2013.

Owl Drive property eviction suit. Thus the federal District Court cannot properly enter an Order enjoining Williams' eviction from the Barn Owl Drive property and the request is properly dismissed as frivolous.

## II.  RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS Williams' Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of September, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE